UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL MEYER,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGE W. BUSH, et al.,<br><br>  Defendant. | CASE NO. 2:22-cv-00232-JHC<br><br>ORDER |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Randall Meyer filed a complaint against Defendants, a number of politicians, government officials, organizations and their leadership, and educational institutions and their leadership.[1] Dkt. # 4-1. Magistrate Judge Brian A. Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and

---

[1] Defendants include: Former Presidents George W. Bush and Donald J. Trump, U.S. Senator Bernie Sanders, U.S. Congressman Peter Welch, U.S. Attorney General Merrick Garland, Vermont Attorney General T.J. Donovan, the Honorable William K. Sessions III, William Barr; presidents and faculty of Harvard University, University of Vermont, University of Rhode Island, and Tufts University; and individuals associated with the Federalist Society, American Civil Liberties Union, American Philosophy Society, National Academy of Sciences, Educational Testing Service, New England Association of Schools & Colleges, U.S. Equal Employment Opportunity Commission, United Nations High Commission for Refugees, The Fellowship at The International Foundation Inc., American Association for the Advancement of Science, and Stone and Browning Property Management, LLC. Dkt. # 4-1 at 2–5.

ORDER - 1

recommended the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons.  Dkt. # 3.

The Court must dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim, or seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either law or in fact.").  Also, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement should give the defendant fair notice of the plaintiff's claims; provide sufficient factual matter and "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009).  When a petitioner proceeds *pro se*, the Court must "construe the pleadings liberally," but may not "supply essential elements of the claim that were not initially pled."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Defendants are federal, state, and private individuals.  Without specifying which Defendants, the complaint appears to allege that certain of them conspired to suppress Plaintiff's constitutional freedoms of speech, religion, and expression, and deprived him of life, liberty, and property.  Dkt. # 4-1 at 4–5, 7–8.  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may bring a claim "for violations of constitutional rights committed by federal officials acting in their individual capacities.  In a paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official

based on alleged constitutional infringements he or she committed against the plaintiff." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action against persons acting under the color of state law. *See* 42 U.S.C. § 1983. While the complaint alleges Defendants conspired to suppress a number of Plaintiff's constitutional freedoms, it makes neither *Bivens* nor § 1983 allegations against the federal and state Defendants. And Plaintiff does not provide a legal basis for a constitutional action against Defendants who are private individuals. Even liberally construed, Plaintiff's allegations do not raise his "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

The complaint says Defendants conspired to violate his rights by "disallow[ing] the Plaintiff's publishing and expression of scientific theories and hypotheses." Dkt. # 4-1 at 7. However, the complaint does not explain how or when the alleged violations occurred, nor does it provide facts connecting Defendants to the harm alleged. Plaintiff requests "reinstatement as an academician in good standing and/or 9,999.99$ damages." Dkt. # 4-1 at 10. However, Plaintiff does not explain where he seeks such reinstatement. And although Plaintiff specifies that Defendant "Stone and Browning LLC, specifically, [should] be tasked with replacing [Plaintiff's] academic library," he admits that it could "exceed the [$]9,999.99[] limit" and does not explain why Stone and Browning should bear that burden. Dkt. #4-1 at 10.

Plaintiff requests a writ of mandamus to compel Attorney General Merrick Garland to arrest former President Donald Trump and to "drop[] the charges and/or issuance of pardons to the illegally jailed reporter, Julian Assange, and the illegally persecuted and excited whistleblower, Edward Snowden." Dkt. # 4-1 at 8. Under 28 U.S.C. § 1361, the Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However,

"[a]n order pursuant to § 1361 is available only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)).  Plaintiff does not clearly explain why he is entitled to a writ of mandamus nor does he address the unavailability of another adequate remedy.

Citing 8 U.S.C. § 1481, Plaintiff requests relief in the form of "severance from the United States government, through renunciation, free of cost, of his citizenship," and a letter recommending Plaintiff for permanent residence in Canada.  Dkt. # 4-1 at 10.  The complaint says Plaintiff is willing "to throw an egg at the U.S. Border gate" to relinquish his citizenship.  Dkt. # 4-1 at 10.  And it says Plaintiff's "hypothetical egg-treason would be moot if judge finds that Defendants have re-enslaved Plaintiff" because, as a "slave," he might not be a citizen and therefore might not be capable of treason.  Dkt. # 4-1 at 10.  However, Plaintiff has not shown that he made "a formal renunciation or nationality before a diplomatic or consular officer of the United States in a foreign state" or an officer designated by the Attorney General during "a state of war," or that he has "committed any act of treason," as required by § 1481(a)(5)–(7).  And it is his burden to establish loss of nationality.  *See* § 1481(b) ("[T]he burden shall be upon the person or party claiming that such loss occurred, to establish such claim by a preponderance of the evidence.").

In light of the foregoing, the Court concludes that the complaint is frivolous, as it lacks basis in law or fact.  The complaint also does not allege facts sufficient to provide Defendants with fair notice of Plaintiff's claims, and thus fails to state a claim upon which relief can be granted.

ORDER - 4

Therefore, under 28 U.S.C. § 1915(e)(2)(B), the Court DISMISSES Plaintiff's complaint as frivolous and failing to state a claim with leave to amend within fourteen (14) days of the filing of this order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Plaintiff's amended complaint fails to correct the noted deficiencies or fails to meet the required pleading standard, the court will dismiss the complaint will be dismissed with prejudice. The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff.

Dated this 2nd day of May, 2022.

*John H. Chun*
John H. Chun
United States District Judge